(No. 34986.—

MARTHA DI BELLA, Appellee, *vs.* GEORGE CUCCIO, Appellant.

*Opinion filed January 23, 1959.*

FIFIELSKI AND ZAK, and McKAY, SOLUM AND McGARR, both of Chicago, (KENNETH M. ZAK, THOMAS C. McKAY, and FREDERIC H. STAFFORD, of counsel,) for appellant.

JEROME BERKSON, and MILTON K. JOSEPH, both of Chicago, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

In 1957 the General Assembly repealed the Bastardy Act of 1872, and in its place enacted the Paternity Act to govern the rights and liabilities of the parents of children born out of wedlock. Under the former act the maximum

liability of the father of such child was $1,100, payable over a ten-year period. (Ill. Rev. Stat. 1955, chap. 17, par. 8.) Under the new act the father is liable for the support, maintenance and welfare of the child until the child reaches 18 years of age, or is adopted. He is liable also for the reasonable expenses of the mother during the period of her "pregnancy, confinement and recovery." (Ill. Rev. Stat. 1957, chap. 17, par. 46.) In this case the child was born while the old act was in force, but the action was not instituted until after the new act became effective. We are called upon to decide which statute governs.

The complaint was filed on March 5, 1958. It alleges that the plaintiff is the mother and the defendant is the father of a child that was born out of wedlock on October 1, 1956, and that the defendant refuses to support the child. It prays that the defendant be adjudged to be the father of the child, and that he be required to pay "such reasonable sums as this court shall deem necessary for the support, maintenance and welfare" of the child until it should attain the age of eighteen, or be adopted.

The defendant moved to dismiss the complaint on the grounds (1) that the Paternity Act does not apply retroactively to govern the liability of the father of a child born before the act became effective, and (2) that retroactive application of the act would violate the due process and equal protection clauses of the 14th amendment to the Federal constitution, and section 2 of article II and section 22 of article IV of the constitution of Illinois. The motion to dismiss was overruled. Judgment was entered finding the defendant to be the father of the child and directing him to pay at once to the plaintiff the sum of $341.90, representing hospital and medical expenses, and to pay for the support of the child the sum of $20 per week until further order of the court.

The defendant has appealed directly to this court on the ground that the constitutionality of the Paternity Act,

as retroactively applied by the judgment of the trial court, is involved. The question of the validity of the statute, so applied, is argued by the parties. That question sustains our jurisdiction upon direct appeal, (Ill. Rev. Stat. 1957, chap. 110, par. 75,) although as we view the case it is unnecessary to decide it. The constitutional issues that would stem from a retroactive application of the statute are not reached unless it is first determined that the General Assembly intended that the new act should govern the liability of fathers of children born before it became effective. We turn to that question.

Section 15 of the Paternity Act repeals the earlier Bastardy Act, and provides: "The repeal of said Act shall not affect rights or liabilities which have accrued thereunder and which have been determined, settled or adjudicated prior to the effective date of this Act [*or which have accrued prior to the effective date of this Act*] or which are the subject of proceedings pending thereunder on such effective date. No such pending proceedings shall abate, but on the contrary such proceedings shall be continued under the provisions of the Act herein repealed for which purpose said Act shall be deemed to remain full force and effect." Ill. Rev. Stat. 1957, chap. 17, par. 52.

The clause that we have italicized does not appear in the unofficial revised statutes. It does appear in the official Session Laws. (Laws of 1957, p. 1035.) It is not in the enrolled bill on file in the office of the Secretary of State, nor does it appear to have been in the bill as introduced. While the printed Session Laws are *prima facie* evidence of statutory law, they are "not conclusive, but may be corrected by the original acts on file in the secretary's office. It is competent to go behind a printed statute, and show from the enrolled law that it is erroneously published." (*Spangler* v. *Jacoby*, 14 Ill. 297, 299.) We take judicial notice of the enrolled bill in the office of the Secretary of State. (*Illinois Central Railroad Co.* v. *Wren*, 43 Ill.

77, 79.) Since the italicized clause, which would apply precisely to the case before us, is not in the enrolled bill, it must be disregarded and the legislative purpose ascertained without reference to it.

The saving clause is clear as to pending proceedings. They are to be governed by the old statute. Similarly, accrued rights or liabilities that were "determined, settled or adjudicated" before the new statute became effective are not to be affected by it. But in the entire repetitive and verbose clause there is no explicit statement as to which statute is to govern a case like the present one, which involves rights and liabilities that had accrued, but had not yet been formally asserted by the institution of an action when the new act became effective.

Unless these rights and liabilities are likewise to be determined under the old law, the applicability of the new statute, with its substantially increased liability, will depend on the date upon which the action was commenced. Substantially different liabilities would thus be imposed upon the father of an illegitimate child, depending solely on when the mother of the child saw fit to file suit. We are unable to ascertain any rational purpose that might be served by such a discrimination. The plaintiff suggests that the clause was designed to save those pending cases that would be barred by limitations if they had to be begun again under the new act. But the suggestion is not convincing because the old act is to govern all pending cases. The case that was filed the day before the new act became effective is subject to the old act just as is the long pending case which, under plaintiff's theory, would be barred by limitations under the new act.

Here, as in *People ex rel. Manczak v. Carpentier,* 3 Ill.2d 556, we are asked to impute an irrational and perhaps unconstitutional purpose to the General Assembly. There it was contended that the application of new statutory consequences attendant upon a conviction for driving a motor

vehicle while intoxicated should depend on the date upon which the defendant was convicted. In response to that contention we said: "* * * in order to construe the new statute as applicable to an offense committed before its effective date, we would have to hold that the General Assembly intended that the consequences attached to an offense should depend, not upon the quality of the conduct which constituted the offense, but upon the random circumstance of the date of conviction. Under such a construction, two men who committed identical offenses on the same date would suffer different consequences, depending upon when their cases came on for trial. In the absence of language clearly expressing such an intention, we are not justified in imputing to the legislature a purpose so casual." (3 Ill.2d at 560, 561.) The date of filing suit in the present case seems quite as unrelated to any discernible purpose as was the date of trial in the *Manczak case.*

The general policy against attributing a retroactive effect to the repeal of a statute is expressed in section 4 of the Statutory Construction Act. (Ill. Rev. Stat. 1957, chap. 131, par. 4.) That standing policy is here reinforced by the fact that a serious constitutional problem would arise from the lack of a rational basis to support the classification that would accompany a retroactive application. The legislative purpose appears to be that which was expressed in the Bastardy Act of 1872, which also repealed existing statutes: "* * * but this section should not be construed to affect any right or liability that may have accrued, or any proceedings that may be pending when this act takes effect." Laws of 1871-2, p. 202.

That purpose can be achieved if the word "and" in the first sentence of the saving clause is read as "or." The sentence would then read: "The repeal of said Act shall not affect rights or liabilities which have accrued thereunder [and] *or* which have been determined, settled or adjudicated prior to the effective date of this Act or which are

the subject of proceedings pending thereunder on such effective date." We so construe the saving clause because that construction appears to accord with the legislative purpose and because it avoids a serious constitutional question. (*Moriarty, Inc.* v. *Murphy*, 387 Ill. 119; *People ex rel. Ocean Accident and Guarantee Corp.* v. *VanCleave*, 187 Ill. 125; cf. *Campbell* v. *Prudential Insurance Co.* 15 Ill.2d 308.) It follows that the judgment of the superior court of Cook County must be reversed and the cause remanded with directions to determine the rights of the parties under the old act.

*Reversed and remanded, with directions.*