THE PEOPLE *ex rel.* LISA CAUSLEY, Plaintiff-Appellee, v. VINCENT K. JACKSON, Defendant-Appellant.

Fourth District   No. 4—87—0867

Opinion filed June 30, 1988.—Rehearing denied August 1, 1988.

Robert J. Waaler, of Waaler & Evans, P.C., of Champaign, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Anne W. Brill and Thomas P. Sweeney, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

On July 1, 1986, the State, acting on the relation of Lisa Causley, mother of Kevin Causley, filed a paternity complaint in the circuit court of Champaign County. The complaint alleged that the defendant, Vincent Jackson, was the father of Kevin Causley and liable for reasonable sums for support, education, and maintenance. On September 3, 1987, following a bench trial, the court adjudicated the defendant as the father of Kevin Causley and thereafter entered an order for support. From this order, the defendant appeals.

Initially, the defendant raised three issues for our consideration, including: (1) whether the action was barred by the statute of limitations; (2) whether the order establishing support was supported by the evidence; and (3) whether the order imposing an obligation for retroactive support was proper. During oral argument, however, the defendant conceded the first issue was without merit. Consequently, we need not address it.

On July 19, 1982, Kevin Causley was born to Lisa Causley. On

July 1, 1986, action was commenced to establish the paternity of Kevin Causley. On August 13, 1986, defendant filed a motion to dismiss the complaint alleging the statute of limitations barred the action which was brought by "The People of the State of Illinois, ex rel. Lisa Causley," and not by the child or on the child's behalf. Following hearing, the defendant's motion was denied.

The cause proceeded to trial and on September 3, 1987, a written order of parentage was entered. On September 28, 1987, a hearing on support was held and the court ordered support payments in the amount of $160 every two weeks commencing October 14, 1987. This amount constituted 20% of the defendant's current net salary. At this time, the court took under advisement a request for retroactive support dating back to the child's birth.

On November 18, 1987, the court entered an order granting retroactive support at $320 per month (20% of the defendant's current net salary) effective August 19, 1982. In the order, the court initially noted the new Illinois Parentage Act (Act) (Ill. Rev. Stat. 1985, ch. 40, pars. 2501 through 2526) of 1984 indicates a clear legislative intent to expand a child's right to support from both parents and provides no exclusion for children born prior to the passage of the Act. Alternatively, the court noted that retroactive support could be ordered pursuant to the Paternity Act of 1957 (Ill. Rev. Stat. 1983, ch. 40, pars. 1351 through 1368). The court then determined the amount of retroactive support in light of the evidence presented by the defendant. As the defendant offered no competent evidence to suggest a lower figure, the court allowed the figure of $320 a month to apply retroactively. From this order, the defendant appeals.

The defendant maintains the trial court's order which determined child support constituted an abuse of discretion. Defendant specifically assigns error to the court's failure to consider his monetary obligations to his wife and other children.

■ The defendant, however, has failed to provide this court with any record of the evidentiary hearing held regarding the issue of support. The docket entry of September 28, 1987, indicates the court heard sworn evidence regarding the issue. The record further shows the presence of a court reporter at the hearing. It is well established that the appellant has the burden to present a sufficiently complete record of the proceedings at trial in support of his alleged claim of error. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 459 N.E.2d 958; *In re Marriage of Partyka* (1987), 158 Ill. App. 3d 545, 511 N.E.2d 676.) In the absence of an adequate record on appeal, it will be presumed that the order entered by the trial court was in conformity with the

law and is supported by a sufficient factual basis. (*Foutch*, 99 Ill. 2d at 392, 459 N.E.2d at 959; *Partyka*, 158 Ill. App. 3d at 557, 511 N.E.2d at 685.) Any doubts arising from the incompleteness of the record must be resolved against the appellant. *Foutch*, 99 Ill. 2d at 392, 459 N.E.2d at 959.

■ The defendant's allegations that the support order is against the manifest weight of the evidence is clearly one that cannot be addressed in the absence of a record of the proceeding. Although the record contains a copy of defendant's affidavit of assets and liabilities filed with the court, there is no way for us to determine what other evidence was presented. As such, we are unable to address the merits of this issue.

■ Finally, the defendant maintains that the order imposing an obligation for retroactive support was improper. In granting plaintiff's request for retroactive child support, the trial court noted that the Illinois Parentage Act of 1984 specifically provides for retroactive support and does not exclude children born prior to the passage of the Act. The court additionally noted the prior act (the act in effect at the child's birth) would also allow such a judgment.

The savings clause of the Illinois Parentage Act of 1984 excepts rights and liabilities which have accrued under the Paternity Act of 1957 or which are the subject of proceedings on the effective date of the new act. (Ill. Rev. Stat. 1985, ch. 40, par. 2525.) These proceedings are to be governed by the Paternity Act of 1957. Although these two types of proceedings are specifically excepted, it is well established that the rights and liabilities of the father of an illegitimate child are to be determined by the statute in effect at the time of the child's birth. (*DePhillips v. DePhillips* (1966), 35 Ill. 2d 154, 219 N.E.2d 465; *Di Bella v. Cuccio* (1959), 15 Ill. 2d 580, 155 N.E.2d 645; *Vanderlaan v. Vanderlaan* (1970), 126 Ill. App. 2d 410, 262 N.E.2d 717.) Thus, we are faced with the situation where rights have accrued under the old act and the plaintiff seeks adjudication of these rights under the new laws.

■ The same situation was presented in *Di Bella* and the supreme court applied the act in effect at the time of the birth of the child. Noting the potential for a substantial increase in liability and the general policy against retroactive application of amended statutes, the court deemed there was no rational purpose in applying the new law. *Di Bella*, 15 Ill. 2d at 585, 155 N.E.2d at 648.

The Paternity Act of 1957 does not contain an express provision allowing for retroactive support payments. This concept of retroactive support was new to the act in 1984. Contrary to plaintiff's assertions

and the trial court's finding based on policy, such a provision cannot be implied. Consequently, the order of retroactive liability is unsupported by the applicable law and is thus vacated.

Based on the foregoing, the order of the circuit court of Champaign County is affirmed with respect to the finding of parentage and prospective child support. The order is vacated to the extent it provides for retroactive liability.

Affirmed in part; vacated in part.

LUND and KNECHT, JJ., concur.