186 Ill. App.3d 234 (1989)
542 N.E.2d 432
In re PATERNITY OF ERIC HUBBARD (Linda Thompson, Petitioner-Appellant,
v.
Melvin Yancey, Respondent-Appellee).
No. 2-88-1081.
Illinois Appellate Court  Second District.
Opinion filed July 20, 1989.
*235 Fred L. Foreman, State's Attorney, of Waukegan (Miriam C. Goldsmith, Assistant State's Attorney, of counsel), for appellant.
No brief filed for appellee.
Reversed and remanded.
JUSTICE WOODWARD delivered the opinion of the court:
Petitioner, Linda Thompson, appeals from an order of the trial court denying her petition for retroactive child support brought against respondent, Melvin Yancey. On appeal, petitioner contends that the trial court's denial of her petition for retroactive child support from the date upon which she filed a paternity action was contrary to prior case law, the legislative intent underlying the Paternity Act of 1957 (Ill. Rev. Stat. 1983, ch. 40, par. 1351 et seq.), and public policy.
Before setting forth the facts relevant to the disposition of this appeal, we note that respondent has not filed a brief in this case. Nevertheless, we elect to review the issues raised in this appeal pursuant to the principles enunciated in First Capitol Mortgage Corp. v. Talandis Construction Corp. (1976), 63 Ill.2d 128, 131-33.
Eric Hubbard, petitioner's son, was born on August 28, 1978. On July 31, 1986, petitioner filed a paternity suit against respondent which sought, among other things, current child support and support for a period prior to the commencement of the lawsuit. On November 21, 1986, respondent filed a motion to dismiss claiming that petitioner's action was barred by the statute of limitations and laches. On January 6, 1987, respondent filed a supplemental motion to dismiss asserting that petitioner's cause should be dismissed because she *236 failed to vacate a court order dismissing her cause for want of prosecution. Respondent further claimed that petitioner's cause of action was barred by the five-year limitation period of section 13-205 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13-205). Respondent's motions to dismiss were denied.
After respondent submitted to a court-ordered blood test, the cause was set for trial. On September 22, 1987, the trial court found that respondent was the natural father of Eric. On September 20, 1988, the trial court conducted a hearing to determine the issues of current and retroactive child support. The report of proceedings from that hearing have not been made part of the record on appeal. At the conclusion of that hearing, the trial court ordered respondent to pay child support in the amount of $75 per week beginning on September 30, 1988. The trial court determined that retroactive support was improper based on People ex rel. Causley v. Jackson (1988), 171 Ill. App.3d 464. From the denial of her request for retroactive child support, petitioner has timely filed the instant appeal.
 1 Initially, we note that the statutory rights and remedies available to petitioner are those which were in effect at the time of Eric's birth. (See DePhillips v. DePhillips (1966), 35 Ill.2d 154, 156-57; Causley, 171 Ill. App.3d at 467.) Because Eric was born in 1978, the applicable statute is the Paternity Act of 1957 (1957 Act) (Ill. Rev. Stat. 1983, ch. 40, par. 1351 et seq.). Hence, the sole issue raised in this appeal is whether the 1957 Act provides for an award of retroactive child support.
 2, 3 To resolve the issue raised in this appeal, we turn to section 15 of the Illinois Parentage Act of 1984 (1984 Act) (Ill. Rev. Stat. 1987, ch. 40, par. 2515). In the relevant part, section 15 states:
"If existence of the parent and child relationship is declared, or paternity or duty of support has been established under this Act or under prior law or under the law of any other jurisdiction, the judgment rendered thereunder may be enforced in the same or other proceedings by any party or any person or agency that has furnished or may furnish financial assistance or services to the child. Sections 14, 16 and 20 of this Act shall also be applicable with respect to entry, modification and enforcement of any support judgment entered under provisions of the `Paternity Act,' approved July 5, 1957, as amended, repealed July 1, 1985." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 40, par. 2515.)
Section 14(b) of the 1984 Act states:
"The Court may order any child support payments to be *237 made for a period prior to the commencement of the action, including payments to reimburse any public agency for assistance granted on behalf of the child." Ill. Rev. Stat. 1987, ch. 40, par. 2514(b).
When these sections are read together, it is clear that the legislature intended to make section 14(b) of the 1984 Act applicable to any support judgment entered pursuant to the 1957 Act. Section 15 of the 1984 Act does not exclude children, like petitioner's son, who were born prior to the passage of the 1984 Act from obtaining retroactive support under the 1957 Act. Where the statutory language is clear and unambiguous, our only function is to enforce the law as enacted by the legislature. (Krall v. Secretary of State (1988), 168 Ill. App.3d 478, 483.) The record indicates that, although petitioner filed her paternity suit after the enactment of the 1984 Act, the trial court denied her right to seek retroactive support under the 1957 Act. Because petitioner was entitled to seek retroactive support under the 1957 Act, the trial court's denial of her request was erroneous.
In reaching our conclusion here, we note that in People ex rel. Causley v. Jackson (1988), 171 Ill. App.3d 464, the Appellate Court for the Fourth District reached an opposite result. In Causley, the plaintiff's son was born on July 19, 1982, and she filed a paternity suit against the defendant on July 1, 1986. After a trial had been conducted to adjudicate paternity, the trial court entered an order granting the plaintiff retroactive support effective August 19, 1982. The trial court found that both the 1984 Act and the 1957 Act authorized an award for retroactive support. Causley, 171 Ill. App.3d at 465-66.
In reversing the trial court's decision, the Causley court determined that under Di Bella v. Cuccio (1959), 15 Ill.2d 580, the Act to be applied was the one in effect at the time of the child's birth, not the one (if different) in effect at the time the action was filed. The court there found that the 1957 Act contained no express provision for the awarding of retroactive support and, therefore, reversed the court's award of retroactive support.
Although the opinion in Causley discussed and relied on the savings clause of the 1984 Act (Ill. Rev. Stat. 1985, ch. 40, par. 2525) as further evidence that rights and liabilities which have occurred under the 1957 Act are to be governed by that act, the opinion does not discuss or even refer to sections 15 or 14(b), which we read to permit a party to seek retroactive support even though the party's action is governed by the 1957 Act.
Deciding this case as we do, we need not determine whether the 1957 Act provided, either expressly or impliedly, a right to retroactive *238 support. No Illinois case has decided whether retroactive support was an available remedy under the 1957 Act. (Causley merely stated that the 1957 Act contained no express provision for retroactive support.) We note, however, that in at least one case retroactive support was upheld under the 1957 Act without the court discussing whether such support was proper. See People ex rel. Perz v. Schneemilch (1967), 82 Ill. App.2d 371.
We find therefore that the trial court erred in denying the petitioner's request for retroactive support and remand the cause for further proceedings.
The judgment of the circuit court is reversed, and the cause is remanded for further proceedings.
Reversed and remanded.
DUNN and LINDBERG, JJ., concur.