(No. 40367.—

LOIS BROWN, Appellee, *vs.* JOHN LEWIS BOX, Appellant.

*Opinion filed September 29, 1967.*

JOHN R. SNIVELY, of Rockford, for appellant.

WILLIAM R. NASH, State's Attorney, of Rockford, (DONALD E. LINDROTH, Assistant State's Attorney, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

On July 27, 1965, the circuit court of Winnebago County entered an order which found that the defendant, John Lewis Box, was the father of a child born out of wedlock to the plaintiff, Lois Brown, on April 19, 1954. On the same date, the court entered another order which directed the defendant to pay the expenses of the plaintiff

during her pregnancy, confinement and recovery, and also to pay the sum of $7.50 per week for the support of the child. Thereafter the defendant moved to vacate these orders, and he appeals directly to this court from an order which denied his motion to vacate, and found him guilty of contempt for failure to make the required payments. He challenges the constitutionality of the Paternity Act (Ill. Rev. Stat. 1965, chap. 106¾, pars. 51-66), and asserts that in the proceedings which resulted in the orders of July 27, 1965, he was deprived of due process of law.

In this court the plaintiff has confessed error on the ground that the proceeding was erroneously instituted and prosecuted under the Paternity Act of 1957, whereas the governing statute was the Bastardy Act as it existed at the time of the birth of the child. (Ill. Rev. Stat. 1953, chap. 17, pars. 1-18. See *Di Bella* v. *Cuccio,* 15 Ill.2d 580.) The liability imposed by the Paternity Act is substantially greater than that imposed by the Bastardy Act, and the defendant has been adjudged to be in contempt of court for failure to make payments which he could not have been required to make under the applicable statute. Despite this error, the plaintiff suggests that this court should set aside the order of support entered by the circuit court, and enter judgment in this court against the defendant under the provisions of the Bastardy Act.

Circumstances peculiar to this case prompt us to decline to pursue this suggestion. The child whose paternity was involved was eleven years old when the action was brought. Section 16 of the applicable statute provides: "No prosecution under this Act shall be brought after two years from the birth of such child: Provided, that where the reputed father has acknowledged in open court the paternity of the child, then, and in such case, prosecution may be brought at any time within two years from the last time such acknowledgment of paternity by the reputed father was made: * * *." (Ill. Rev. Stat. 1953, chap. 17, par. 16.)

This provision is a condition of the right to maintain the statutory action; it is not a statute of limitations. (*People ex rel. Hackspiel* v. *Adamick,* 230 Ill. App. 585, 587; *cf. Hartray* v. *Chicago Railways Co.,* 290 Ill. 85, 87.) The statute clearly contemplates that the acknowledgment of paternity in open court is to precede the institution of the action. In this case there is neither allegation nor proof of any prior acknowledgment; the only acknowledgment is that which was elicited from the defendant upon questioning by the trial judge after the complaint had been filed.

In this case, moreover, the defendant questions, on due process grounds, the basic fairness of the proceedings against him. The defendant, who had an eighth grade education, was ordered to appear at the office of the State's Attorney under threat of arrest. He did so, and there he signed a form printed at the foot of the complaint, which recited that he waived his right to examine the plaintiff, his right to a blood test and his right to a jury trial. He was then taken to the chambers of the circuit judge. There the complaint was read aloud to him by the judge, he signed a document acknowledging paternity of the child, and judgment was entered against him.

No court reporter was present in the State's Attorney's office or in the judge's chambers, and the testimony as to just what occurred is conflicting. The record does not suggest, however, that the defendant was at any time advised of his right to consult an attorney, or afforded an opportunity to do so. Nor does it appear that he was advised of the significance of the rights that he waived or of the jurisdictional defects in the complaint. The entire proceeding, which commenced with a direction to the defendant to appear at the prosecutor's office under threat of arrest, continued, apparently without interruption, until it was terminated by the entry of judgment against the defendant.

Because the action was prosecuted under an inapplicable statute, and because jurisdiction did not exist under the

applicable statute, it is unnecessary to consider the constitutionality of the Paternity Act or to decide the serious questions that have been raised as to the fundamental fairness of the proceeding.

The judgment of the circuit court of Winnebago County finding defendant in contempt and ordering him to make support payments is reversed, and the cause is remanded to that court with directions to grant the motion to vacate the judgment of July 27, 1965, and to dismiss the action for want of jurisdiction.

*Reversed and remanded, with directions.*