THE PEOPLE *ex rel.* NANCY McCOY, Plaintiff-Appellant, *v.* TERRY SHERMAN, Defendant-Appellee.

Fourth District   No. 4—83—0488

Opinion filed April 4, 1984.

Basil G. Greanias, State's Attorney, of Decatur (Thomas M. Vaught, Assistant State's Attorney, of counsel), for appellant.

Brown, Hawkins, Basola & Mattingley, of Decatur (Rex L. Brown, of counsel), for appellee.

JUSTICE MILLER delivered the opinion of the court:

An Illinois statute requires that paternity actions be commenced during pregnancy or the child's first two years of life; the major question in this appeal concerns the constitutionality of that time limit. The plaintiff, whose paternity action was dismissed because it had been filed more than two years after the birth of the child, argues that the two-year period of limitations violates the equal protection clause of the fourteenth amendment to the United States Constitution. The appellate court, sitting in the first district, has found the two-year period unconstitutional. (*Jude v. Morrissey* (1983), 117 Ill. App. 3d 782, 454 N.E.2d 24.) We agree with that decision.

The plaintiff gave birth to a child out of wedlock on February 14, 1978, and on June 9, 1980, began this action to establish the defendant's paternity. The defendant moved to dismiss the complaint, relying on section 4 of the Paternity Act (Ill. Rev. Stat. 1981, ch. 40, par. 1354), which provides:

> "No such action may be brought after the expiration of 2 years from the birth of the child. However, where the person accused has acknowledged the paternity of the child by a written statement made under oath or affirmation or has acknowledged the

paternity of such child in open court, prosecution may be brought at any time within 2 years from the last time such acknowledgment was made or within 2 years from the last time the person accused contributed to the support, maintenance, education and welfare of the child subsequent to such acknowledgment. The time any person so accused is absent from or conceals himself within the State shall not be computed."

The two-year time limit, which actually is a condition on the right to maintain this particular statutory action rather than a statute of limitations (*Brown v. Box* (1967), 38 Ill. 2d 80, 230 N.E.2d 204), is tolled during the mother's minority but not during the child's. (*Barnett v. Clark* (1983), 113 Ill. App. 3d 1091, 448 N.E.2d 254.) The plaintiff chose to stand on her challenge to the constitutionality of that provision and conceded that none of the exceptions to it were applicable here. The circuit judge dismissed the complaint as untimely, and this appeal followed.

In dismissing the complaint the circuit judge relied on *Cessna v. Montgomery* (1976), 63 Ill. 2d 71, 344 N.E.2d 447, which upheld the constitutionality of the time limit on bringing paternity actions and rejected the same argument made here. Since *Cessna*, the United States Supreme Court has invalidated another State's two-year limitations period on these actions, however, and that result must control here.

In *Pickett v. Brown* (1983), 462 U.S. 1, 76 L. Ed. 2d 372, 103 S. Ct. 2199, the Supreme Court held that Tennessee's two-year limitations period on paternity actions violated the equal protection clause of the fourteenth amendment. In determining that the statute was unconstitutional, the court applied the equal protection analysis that it had used a year earlier in *Mills v. Habluetzel* (1982), 456 U.S. 91, 71 L. Ed. 2d 770, 102 S. Ct. 1549, which invalidated a Texas statute barring paternity actions more than one year after the child's birth. The scrutiny appropriate to classifications based on illegitimacy falls somewhere between the most rigorous and the least rigorous, and under *Pickett* and *Mills* a time limit on bringing paternity actions must satisfy two related requirements: it must be long enough to give potential plaintiffs a reasonable opportunity to bring their actions, and it must be substantially related to the State's interest in barring stale and fraudulent actions.

The Tennessee statute at issue in *Pickett* did not bar an action if the father had acknowledged paternity in writing or by furnishing support or if the child, while under 18 years of age, was liable to become a public charge, but it was not tolled during the child's minority. At least some illegitimate children, thus, would be subject to the short deadline.

The court concluded that the statute failed to satisfy either requirement of its equal protection analysis. First, two years did not provide a reasonable opportunity for bringing an action. The court believed that the two-year period was not sufficiently longer than the one-year statute invalidated in *Mills*, for the emotional, social, and financial obstacles to filing a paternity suit shortly after giving birth would continue into the second year of the child's life. Second, the two-year period was not substantially related to a legitimate interest in barring stale or fraudulent actions. The court gave several reasons to justify this conclusion: the two-year period was too brief to perform with any precision the function assigned to it; the exception in the statute for children receiving public aid conflicted with the State's avowed purpose in imposing a time limit; it was not tolled during the child's minority, unlike other statutes of limitations in Tennessee; disproof of paternity is increasingly based on reliable scientific tests, which reduces the importance of a limitations period in barring stale or fraudulent actions.

We agree with the court in *Jude* that the substantial similarity between the Illinois statute at issue here and the Tennessee statute invalidated in *Pickett* requires that the Illinois time limit also be found unconstitutional; *Cessna* has been effectively overruled on this question, and we are bound by *Pickett* (*People v. Stansberry* (1971), 47 Ill. 2d 541, 268 N.E.2d 431; *Corbett v. Devon Bank* (1973), 12 Ill. App. 3d 559, 299 N.E.2d 521).

■ The defendant also argues that the action should be dismissed under the equitable doctrine of *laches*. The defendant points to the 14-month delay between the time the plaintiff signed her complaint, April 16, 1979, and the time it was finally filed, June 9, 1980. *Laches*, or stale demand, "is applied where there is 'such neglect or omission to assert a right, taken in conjunction with a lapse of time of more or less duration and other circumstances causing prejudice to an adverse party, as will operate to bar relief in equity.' (*Pyle v. Ferrell* (1958), 12 Ill. 2d 547, 552.)" (*Thurston v. State Board of Elections* (1979), 76 Ill. 2d 385, 388, 392 N.E.2d 1349, 1350-51.) As the definition illustrates, the doctrine is limited to actions in equity (*Mother Earth, Ltd. v. Strawberry Camel, Ltd.* (1979), 72 Ill. App. 3d 37, 390 N.E.2d 393) and therefore has no role here.

Reversed and remanded.

TRAPP and WEBBER, JJ., concur.