THE PEOPLE *ex rel.* MARY REEDER, Plaintiff-Appellee, v. DAVID L. REEDER, SR., Defendant-Appellant.

Fifth District   No. 5—84—0340

Opinion filed March 7, 1985.

Lewis E. Mallott, of Campbell & Mallott, of Godfrey, for appellant.

Don W. Weber, State's Attorney, of Edwardsville (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Service Commission, of counsel), for appellee.

PRESIDING JUSTICE JONES delivered the opinion of the court:

In this paternity action brought when the child in question had attained the age of 14 years, the defendant maintains that the doctrine of *laches* bars the action.

In a complaint filed March 6, 1984, the People on the relation of Mary Reeder, relator and plaintiff complaining of the defendant David L. Reeder, Sr., stated that the plaintiff is the mother of a child born out of wedlock on January 21, 1970, that the child is living and in good health and that the father of the child is the defendant. The complaint was brought pursuant to the Illinois Paternity Act (Ill. Rev. Stat. 1983, ch. 40, par. 1351 *et seq.*) (hereinafter referred to as the Act). Section 4 of the Act (Ill. Rev. Stat. 1983, ch. 40, par. 1354) provides in pertinent part that "[n]o such action may be brought after the expiration of 2 years from the birth of the child." The exceptions provided for in the Act have no application here. In an amended motion the defendant sought dismissal of the complaint pursuant to the doctrine of estoppel by *laches*, stating that the delay of 14 years had resulted in an insurmountable detriment to an effective defense.

At the preliminary hearing and hearing on the motion to dismiss, Mary Reeder, the only witness to testify at the hearing, stated that "Public Aid" had told her she had to file a complaint concerning paternity. She stated further that if she had not been required to do so, she would not have filed the complaint. She testified that she had begun living with the defendant in 1965 and had lived with him until 1973. During the period of time in question, she said, she had had sexual intercourse with the defendant and with no one else. Apparently, while the plaintiff lived with the defendant he supported the minor child. On cross-examination she testified that she had met the defendant "[i]n 1964 or '65, I don't know which." She was unable to remember specific dates concerning the conception of the child. She testified that the defendant had stated after the birth of the child that the child was his. The plaintiff was, however, unable to remember whether anyone else was present at the time. The trial court found probable cause to believe that the defendant is the father of the child.

The trial court denied the defendant's motion to dismiss, finding as follows:

> "In light of the U.S. Supreme Court ruling in *Pickett v. Brown*, 76 L. Ed. 2d 372, 1033 [*sic*] S. Ct. 2199 (1983) and the Illinois Appellate Decisions which have interpreted the *Pickett* case to hold the Illinois two (2) year paternity statute unconstitutional, Illinois Revised Statutes, Chapter 40, Section 1354, this Court does hereby Find that said statute is unconstitu-

tional and as such there is no limitation period for filing a paternity action as long as the child at issue is a minor and as such the doctrine of Estoppel by Laches is not an appropriate ground for dismissing this action *** ."

The trial court subsequently granted the defendant's request for interlocutory appeal pursuant to Supreme Court Rule 308(a) (87 Ill. 2d R. 308(a)), finding the question of law to be as follows:

"The question of law involved is whether in light of *Pickett v. Brown*, 76 L. Ed. 2d 372, 1033 [*sic*] S. Ct. 2199 (1983) the equitable doctrine of Estoppel by Laches bars the prosecution of a paternity action filed when the child at issue has attained the age of fourteen (14) where Plaintiff at all times knew the whereabouts of Defendant since the birth of the child and could have, at any time, located Defendant for the purpose of having a Paternity Complaint served on him. This Court rules that as the Illinois paternity limitation statute is unconstitutional there is no limitation period for any reason for the filing of a paternity action during the minority of the child at issue."

We granted the defendant's application for leave to appeal.

We note that in *Dornfeld v. Julian* (1984), 104 Ill. 2d 261, 472 N.E.2d 431, the supreme court recently pronounced the two-year limitation of section 4 of the Act for bringing an action pursuant to the Act invalid under *Pickett v. Brown* (1983), 462 U.S. 1, 76 L. Ed. 2d 372, 103 S. Ct. 2199, in which a Tennessee paternity statute containing a two-year limitation period was held to be unconstitutional because it denied equal protection to certain illegitimate children. The two-year limitation period in *Pickett* failed to provide these children with an adequate opportunity to obtain support and was not substantially related to the legitimate State interest in preventing the litigation of stale or fraudulent claims. Following the decision in *Pickett*, and prior to the decision in *Dornfeld*, the appellate court in Illinois held the two-year time limit in the Act unconstitutional in *Jude v. Morrissey* (1983), 117 Ill. App. 3d 782, 454 N.E.2d 24, a decision followed in *People ex rel. McCoy v. Sherman* (1984), 123 Ill. App. 3d 444, 462 N.E.2d 817. In *Dornfeld* the supreme court held that the entire Act was not rendered invalid by the unconstitutionality of the limitations clause.

In *McCoy*, the court responded to the defendant's contention that the action should have been dismissed under the equitable doctrine of *laches* by saying:

"*Laches*, or stale demand, 'is applied where there is "such neglect or omission to assert a right, taken in conjunction with a

lapse of time of more or less duration and other circumstances causing prejudice to an adverse party, as will operate to bar relief in equity." (*Pyle v. Ferrell* (1958), 12 Ill. 2d 547, 552 [147 N.E.2d 341].)' (*Thurston v. State Board of Elections* (1979), 76 Ill. 2d 385, 388, 392 N.E.2d 1349, 1350-51.) As the definition illustrates, the doctrine is limited to actions in equity (*Mother Earth, Ltd. v. Strawberry Camel, Ltd.* (1979), 72 Ill. App. 3d 37, 390 N.E.2d 393) and therefore has no role here." (123 Ill. App. 3d 444, 446, 462 N.E.2d 817, 819.)

In the case at bar the defendant urges us not to follow *McCoy* because, he argues, "in Illinois there is really no further distinction between an action at law and an action at [*sic*] equity. Defendant would also further suggest that a paternity action is more closely akin to an equity action than an action at law." We find these arguments unpersuasive and follow *McCoy*.

The defendant relies upon *Bays v. Matthews* (1982), 108 Ill. App. 3d 1112, 440 N.E.2d 142, in which we held that the defense of *laches* applied to an action at law based upon section 255 of the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, par. 736). In *Bays* we found further support for that conclusion in the fact that the purpose of that section was not to protect the delinquent taxpayer but merely to return real estate to the stream of commerce and that the application of the doctrine of *laches* to that section would not adversely affect the statute's purpose. This may not be said of the Paternity Act, however, which provides for paternal support of children born of unwed parents, thereby converting a father's moral obligation of support into a legal one, and preventing such children from becoming public charges. (*Dornfeld v. Julian* (1984), 104 Ill. 2d 261, 472 N.E.2d 431.) The application of the doctrine of *laches* to the Paternity Act could adversely affect this statutory purpose.

The General Assembly has recently recodified and amended the Paternity Act and the Act on Blood Tests to Determine Paternity in the Illinois Parentage Act of 1984 (Pub. Act 83—1372, to be Ill. Rev. Stat., ch. 40, par. 2501 *et seq.*; *Dornfeld v. Julian* (1984), 104 Ill. 2d 261, 472 N.E.2d 431), which will become effective July 1, 1985. Section 8(a)(1) thereof provides that "[a]n action brought by or on behalf of a child shall be barred if brought later than 2 years after the child reaches the age of majority; however, if the action on behalf of the child is brought by a public agency, it shall be barred 2 years after the agency has ceased to provide assistance to the child." We notice that section 8(b) thereof provides: "However, upon a showing by the defendant that unreasonable delay in bringing the action has unduly

prejudiced the defendant, the court, after deliberating over all the circumstances, including equitable considerations, may dismiss the cause of action." Although this provision may be found to embody the concept of the doctrine of *laches*, the current statute includes no such provision or concept, and the doctrine of *laches* is not now available as a defense.

Affirmed.

HARRISON and WELCH, JJ., concur.