669 N.E.2d 1228 (1996)
283 Ill. App.3d 241
218 Ill.Dec. 702
M.E.H. and D.M.H., Plaintiffs-Appellants,
v.
L.H. and G.H., Defendants-Appellees.
No. 2-95-1188.
Appellate Court of Illinois, Second District.
August 28, 1996.
*1230 Scott R. Erwin, Colleen E. Cebula, DeKalb, for D.M.H. and M.E.H.
James R. Buck, Scott P. Larson, Klein, Stoddard & Buck, Sycamore, for G.H. and L.H.
Presiding Justice McLAREN delivered the opinion of the court:
The plaintiffs filed a civil complaint against their father for (1) childhood sexual abuse; (2) unlawful sexual relations (720 ILCS 5/11-11 (West 1992)); and (3) false imprisonment. The complaint also alleged that their mother was liable for (1) intentional infliction of emotional distress and (2) breach of parental duty. The trial court granted the defendants' motion to dismiss, concluding that the general personal injury statute of limitations (735 ILCS 5/13-202 (West 1992)) barred claims against the mother and the statute of repose contained in the childhood sexual abuse section of the Limitations Act (735 ILCS 5/13-202.2(b) (West 1992) (amended by Pub. Act 88-127 § 5, eff. January 1, 1994)) (hereinafter original 1991 Act) barred claims against the father. We affirm.
The original 1991 Act, which became effective on January 1, 1991, contains a 2-year statute of limitations and a 12-year statute of repose. 735 ILCS 5/13-202.2(b) (West 1992). The statute of repose bars complaints alleging childhood sexual abuse by persons 30 years of age or older. The original 1991 Act provides:
"An action for damages for personal injury based on childhood sexual abuse must be commenced within 2 years of the date the person abused discovers or through the use of reasonable diligence should discover that the act of childhood sexual abuse occurred and that the injury was caused by the childhood sexual abuse, but in no event may an action for personal injury based on childhood sexual abuse be commenced more than 12 years after the date on which the person abused attains the age of 18 years." 735 ILCS 5/13-202.2(b) (West 1992).
In 1993 the legislature amended the 1991 Act. Pub. Act 88-127 § 5, eff. January 1, 1994; see 735 ILCS 5/13-202 (West 1994) (hereinafter, the amended 1994 Act). The amended 1994 Act repealed the statute of repose by deleting the following language from section 13-202.2(b):
"[B]ut in no event may an action for personal injury based on childhood sexual abuse be commenced more than 12 years after the date on which the person abused attains the age of 18 years." 735 ILCS 5/13-202.2(b) (West 1992).
See 735 ILCS 5/13-202.2(b) (West 1994).
In a complaint filed on October 14, 1994, the plaintiffs, D.M.H. and M.E.H., alleged that their father, the defendant, L.H., sexually abused them as minors. The plaintiffs alleged that they first recalled the abuse during psychological therapy in October 1992 and June 1992, respectively. The plaintiffs alleged they had no knowledge of the abuse until the October 1992 and June 1992 therapy *1231 sessions. In addition, the plaintiffs alleged that the abuse began when they were four years old and continued through their high school years. In support of their complaint, the plaintiffs attached affidavits of their therapists, which corroborated the alleged dates and claims. When the plaintiffs filed their complaint, D.M., who was born on April 7, 1949, was 45 years old, and M.E., who was born on October 3, 1950, was 44 years old.
The defendants filed a motion to dismiss the complaint pursuant to section 2-619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(5) (West 1994)), claiming that the suit was barred due to the statute of repose contained in the original 1991 Act. After hearing argument, the trial court granted the defendants' motion and dismissed the complaint with prejudice on the bases that (1) the general statute of limitations found in section 13-202 of the Limitations Act (735 ILCS 5/13-202 (West 1992)) barred the plaintiffs' cause of action against their mother, G.H.; and (2) the statute of repose contained in the original 1991 Act barred the plaintiffs' cause of action against their father, L.H. 735 ILCS 5/13-202.2(b) (West 1992). In that regard, the trial court determined the father had a vested right in the statute of repose contained in the original 1991 Act. Accordingly, the trial court concluded the amended 1994 Act, which repealed the statute of repose, did not apply retroactively to revive the plaintiffs' causes of action. The circuit court denied the plaintiffs' motion to reconsider.
On appeal, the plaintiffs argue that the trial court erred by granting the defendants' motion to dismiss because (1) the statute of repose does not apply to the plaintiffs' causes of action; (2) a bar against the plaintiffs' causes of action is contrary to this State's public policy; and (3) the repose provision in the original Act is unconstitutional.
Initially, we note that on appeal the plaintiffs do not challenge the trial court's dismissal of the counts against their mother. Nevertheless, they urge us in their reply brief to allow them to replead alleging "specific acts of involvement, conspiracy, or complicity." However, the plaintiffs cite no authority to support this request, provide no argument, and address this issue for the first time in their reply brief. Therefore, we deem this issue waived. 145 Ill.2d R. 341(e)(7). We now address the plaintiffs' counts against their father.
The purpose of section 2-619 is to allow the trial court to dispose of issues of law or easily provable fact. Kedzie & 103rd Currency Exchange, Inc. v. Hodge, 156 Ill.2d 112, 115, 189 Ill.Dec. 31, 619 N.E.2d 732 (1993); Johnson v. Du Page Airport Authority, 268 Ill.App.3d 409, 414, 206 Ill.Dec. 34, 644 N.E.2d 802 (1994). Pursuant to section 2-619(a)(5), a trial court may dismiss a cause of action if "the action was not commenced within the time limited by law." 735 ILCS 2-619(a)(5) (West 1994). We review the granting of a motion to dismiss de novo. Johnson, 268 Ill.App.3d at 414, 206 Ill.Dec. 34, 644 N.E.2d 802.
D.M.H. was born April 7, 1949, and M.E.H. was born October 3, 1950. The original 1991 Act contains a statute of repose which prohibits "an action for personal injury based on childhood sexual abuse [to] be commenced more than 12 years after the date on which the person abused attains the age of 18 years." 735 ILCS 5/13-202.2(b) (West 1992). Therefore, under the original 1991 Act, the plaintiffs' causes of action against their father were extinguished on April 7, 1979, and October 3, 1980, respectively.
The plaintiffs claim that their causes of action against their father are not time barred because the legislature had already repealed the statute of repose when their claims "accrued." Conversely, the defendants argue that a statute of repose can bar a claim no matter when a cause of action accrues. We agree with the defendants.
The plaintiffs fail to understand that a statute of limitations is different from a statute of repose. The time limit of a statute of limitations begins to run when the cause of action has ripened or accrued, whereas the time limit of a statute of repose begins to run when a specific event occurs, no matter when the cause of action could accrue. Mega v. Holy Cross Hospital, 111 Ill.2d 416, 422, 95 Ill.Dec. 812, 490 N.E.2d 665 (1986); Highland v. Bracken, 202 Ill. *1232 App.3d 625, 632, 148 Ill.Dec. 104, 560 N.E.2d 406 (1990). Our supreme court explained:
"The period of repose gives effect to a policy different from that advanced by a period of limitations; it is intended to terminate the possibility of liability after a defined period of time, regardless of a potential plaintiff's lack of knowledge of his cause of action." Mega, 111 Ill.2d at 422, 95 Ill.Dec. 812, 490 N.E.2d 665.
Accordingly, the fact that the plaintiffs' causes of action did not "accrue" until June 1992 and October 1992 is irrelevant. The statute of repose began to run in 1967 and 1968, when the plaintiffs reached the age of 18. Thus, the 12-year statute of repose expired in 1979 and 1980. Therefore, the plaintiffs' complaints filed in 1994 were untimely.
Alternatively, the plaintiffs claim that the amended 1994 Act applies retroactively to revive their causes of action against their father. In response, the defendants argue the amended 1994 Act does not apply retroactively to the defendant father because the statute of repose contained in the original 1991 Act conferred a vested right upon him. We agree with the defendants.
Generally, a court must apply the law as it exists at the time of appeal, unless doing so would give the statute retroactive effect. First of America Trust Co. v. Armstead, 171 Ill.2d 282, 289, 215 Ill.Dec. 639, 664 N.E.2d 36 (1996). A statute is retroactive if it affects a vested right. Armstead, 171 Ill.2d at 290, 215 Ill.Dec. 639, 664 N.E.2d 36.
In the case at bar, the amended 1994 Act affects the right of the defendant father to raise the defense that the plaintiffs' causes of action are time barred by the statute of repose. The defendant father acquired this right when the original 1991 Act became effective on January 1, 1991. On the effective date the plaintiffs' were both over 30 years of age. Thus, the original 1991 Act provided the defendant father with a defense against the plaintiffs' childhood sexual abuse claims. It is well established that a defendant's right to assert a statutory time bar as a defense to a cause of action, "after the statute has run, is a vested right." Board of Education of Normal School District v. Blodgett, 155 Ill. 441, 447, 40 N.E. 1025 (1895). Accordingly, the amended 1994 Act, which repealed the statute of repose, does not apply to the defendant father. Armstead, 171 Ill.2d at 289, 215 Ill.Dec. 639, 664 N.E.2d 36.
The plaintiffs argue that the legislature intended the amended 1994 Act to apply retroactively and revive previously extinguished claims. They argue that the amended 1994 Act itself demonstrates the legislature's intent to allow persons 30 years of age and over to bring a cause of action under the childhood sexual abuse section. The defendants argue that the amended 1994 Act contains no language indicating that the legislature intended the amended 1994 Act to apply retroactively to revive claims barred by the original 1991 Act.
In Armstead, 171 Ill.2d at 289, 215 Ill.Dec. 639, 664 N.E.2d 36, our supreme court recently rejected the legislative intent approach presented by the plaintiffs in the instant case. In that case our supreme court was presented with the issue of whether the amended Gasoline Storage Act (430 ILCS 15/0.01 et seq. (West 1992)), which requires registration of underground storage tanks, applied retroactively. Armstead, 171 Ill.2d at 284, 215 Ill.Dec. 639, 664 N.E.2d 36. Our supreme court rejected the legislative intent approach in favor of the vested rights approach. Armstead, 171 Ill.2d at 289, 215 Ill.Dec. 639, 664 N.E.2d 36. Accordingly, the plaintiffs' legislative intent argument is not persuasive. However, even if we were required to consider the legislature's intent, we would still reject the plaintiffs' argument.
Under the legislative intent approach, once a right of action is extinguished, it cannot be revived absent clear legislative intent. Rivard v. Chicago Fire Fighters Union, Local No. 2, 122 Ill.2d 303, 309, 119 Ill.Dec. 336, 522 N.E.2d 1195 (1988). In Rivard, our supreme court stated:
"It has thus been our general rule of construction that an amendatory act will be construed as prospective. [Citations.] The presumption of prospectivity is rebuttable, but only by the act itself. Either by express language or necessary implication, the act must clearly indicate that the legislature *1233 intended a retroactive application. [Citations.]" Rivard, 122 Ill.2d at 309, 119 Ill.Dec. 336, 522 N.E.2d 1195.
We find nothing in the amended 1994 Act that indicates that the legislature intended to revive claims previously barred by the original 1991 Act. The legislature has demonstrated its ability to provide for the revival of extinguished claims. See, e.g., 735 ILCS 5/13-202.1(c) (West 1992) ("this Section shall be applied retroactively and shall revive causes of actions which otherwise may have been barred under limitations provisions in effect prior to the enactment and/or effect of [the act]"); Sepmeyer v. Holman, 162 Ill.2d 249, 252-53, 205 Ill.Dec. 125, 642 N.E.2d 1242 (1994). However, such language is absent from the amended act at issue here.
The plaintiffs cite Sanelli v. Glenview State Bank, 108 Ill.2d 1, 90 Ill.Dec. 908, 483 N.E.2d 226 (1985), General Telephone Co. v. Johnson, 103 Ill.2d 363, 83 Ill.Dec. 133, 469 N.E.2d 1067 (1984), and Department of Public Aid ex rel. Evans v. Lively, 246 Ill.App.3d 216, 186 Ill.Dec. 324, 615 N.E.2d 1381 (1993), to support their argument that the repeal of the statute of repose applies retroactively to their complaint. The plaintiffs' citations to Sanelli and General Telephone are unpersuasive because the cases are factually distinguishable. The rights affected by the new legislation at issue in Sanelli were nominal. Sanelli, 108 Ill.2d at 25, 90 Ill.Dec. 908, 483 N.E.2d 226. Further, the rights affected by the new taxing legislation at issue in General Telephone Co. were not vested. General Telephone Co., 103 Ill.2d at 382-83, 83 Ill.Dec. 133, 469 N.E.2d 1067. Conversely, the right affected by the new legislation at issue here is a vested right protected by the Illinois Constitution. Sepmeyer, 162 Ill.2d at 254-56, 205 Ill.Dec. 125, 642 N.E.2d 1242 (finding that expiration of a statute of limitations creates a vested right that may be equated with a property interest).
The plaintiffs' citation to Evans is equally unpersuasive because our supreme court decided that the statute of limitations at issue in Evans was unconstitutional and, thus, invalid. Dornfeld v. Julian, 104 Ill.2d 261, 265-66, 84 Ill.Dec. 471, 472 N.E.2d 431 (1984). Therefore, the defendant in Evans never had a vested right. Further, the amended act at issue in Evans contained a savings clause which provided that the new limitations period "could revive an action which had been previously barred." Evans, 246 Ill.App.3d at 223, 186 Ill.Dec. 324, 615 N.E.2d 1381. The amended 1994 Act in the case at bar does not contain such language.
Next, the plaintiffs claim that the statute of repose contained in the original 1991 Act violates article I, section 12, of the Illinois Constitution. Ill. Const. 1970, art. I, § 12. The plaintiffs argue that the original 1991 Act arbitrarily eliminates a cause of action that existed at common law. In response, the defendants argue that the original 1991 Act does not eliminate a cause of action, but merely restricts the time a person may bring a cause of action for childhood sexual abuse. Therefore, according to the defendants, the original 1991 Act does not violate the Illinois Constitution. Again, we agree with the defendants.
It is well established that section 12 of article I of the Illinois Constitution prohibits the legislature from arbitrarily eliminating a cause of action. Clarke v. Storchak, 384 Ill. 564, 576, 52 N.E.2d 229 (1943); Thornton v. Mono Manufacturing Co., 99 Ill.App.3d 722, 728, 54 Ill.Dec. 657, 425 N.E.2d 522 (1981). However, the legislature may eliminate a cause of action if it is a reasonable exercise of the "legislature's police power in providing for the general welfare." Thornton, 99 Ill.App.3d at 728, 54 Ill.Dec. 657, 425 N.E.2d 522. Thus, our supreme court has held that a statute of repose does not violate section 12 of article I of the Illinois Constitution, even if it bars an action before it is discovered. Mega, 111 Ill.2d at 424, 95 Ill.Dec. 812, 490 N.E.2d 665.
In Mega, our supreme court held that the four-year statute of repose for medical malpractice claims does not violate the Illinois Constitution. 111 Ill.2d at 424-25, 428-29, 95 Ill.Dec. 812, 490 N.E.2d 665. The court noted the importance of our Constitution's policy which requires a remedy for every wrong. However, our supreme court reasoned that the Constitution's policy may be tempered by the need to prevent "`problems of proof so *1234 difficult as to pose a danger of injustice,'" a policy expressed by statutes of repose. Mega, 111 Ill.2d at 425, 95 Ill.Dec. 812, 490 N.E.2d 665, quoting Williams v. Brown Manufacturing Co., 45 Ill.2d 418, 432, 261 N.E.2d 305 (1970).
We recognize that childhood sexual abuse was actionable at common law (see Franke v. Geyer, 209 Ill.App.3d 1009, 154 Ill.Dec. 710, 568 N.E.2d 931 (1991)), and, therefore, the legislature may not arbitrarily eliminate it. However, just as in the medical malpractice context, the legislature may balance the foregoing policy with the need to prevent problems of proof caused by stale claims. Mega, 111 Ill.2d at 425, 428, 95 Ill.Dec. 812, 490 N.E.2d 665. Accordingly, the trial court did not err by applying the statute of repose contained in the original 1991 Act to the plaintiffs' complaint.
The plaintiffs argue that the rationale for a statute of repose does not apply to childhood sexual abuse claims. The plaintiffs explain, without citation to relevant authority, that, while a statute of repose is appropriate for negligence and strict liability claims, it is inappropriate for intentional tort claims. The plaintiffs support this argument by citing Mosby v. Michael Reese Hospital, 49 Ill.App.2d 336, 199 N.E.2d 633 (1964), for the proposition that the purpose of a statute of repose is to allow a defendant a reasonable opportunity to investigate a claim and prepare a defense. The plaintiffs state that, since the defendant in a childhood sexual abuse case allegedly knows what he did and when he did it, he does not need time to investigate. However, the plaintiffs ignore the other rationales for statutes of repose, namely, the need to provide society with peace and freedom from old grievances (Blodgett, 155 Ill. at 448-50, 40 N.E. 1025); to provide defendants with access to witnesses and facts necessary to their defense (Mosby, 49 Ill.App.2d at 340, 199 N.E.2d 633); and to prevent "`problems of proof so difficult as to pose a danger of injustice'" (Mega, 111 Ill.2d at 425, 95 Ill.Dec. 812, 490 N.E.2d 665, quoting Williams, 45 Ill.2d at 432, 261 N.E.2d 305). These rationales apply equally to intentional tort claims as well as those lying in negligence and strict liability. Therefore, the plaintiffs' argument is unpersuasive.
Finally, the plaintiffs contend that their claims are not time barred by the statute of repose, because they filed their claims within a reasonable time after the statute of repose became effective. We agree with the plaintiffs that, when the legislature shortens a limitations period or imposes one where none previously existed, a plaintiff whose cause of action arose before the effective date must be afforded a reasonable time to file. Mega, 111 Ill.2d at 420, 95 Ill.Dec. 812, 490 N.E.2d 665. However, this rule only applies if the plaintiff had a right of action before the effective date of the new limiting statute. See Mega, 111 Ill.2d at 420, 95 Ill.Dec. 812, 490 N.E.2d 665. Therefore, we must determine whether the plaintiffs had a right of action against their father before the enactment of the original 1991 Act.
In 1991, section 13-202 of the Code provided that actions for personal injuries must be brought within two years from the date the cause of action accrues. 735 ILCS 5/13-202 (West 1992). However, the period of limitations may not begin to run until the person reaches 18 years of age. 735 ILCS 5/13-211 (West 1992). In this case, the plaintiffs filed their complaint 26 and 27 years after they turned 18. However, the plaintiffs allege that the "discovery rule" extended the limitations period under the allegations of their complaint. They claim that the statute of limitations did not begin to run until 1992 when they recalled the abuse. We disagree.
Generally, a cause of action for personal injury accrues when the plaintiff suffers injury, regardless of whether the plaintiff is aware of the injury. Golla v. General Motors Corp., 167 Ill.2d 353, 360, 212 Ill.Dec. 549, 657 N.E.2d 894 (1995). However, to alleviate the harsh consequences of the general rule, our supreme court adopted the "discovery rule" in 1969. Golla, 167 Ill.2d at 360-61, 212 Ill.Dec. 549, 657 N.E.2d 894, citing Rozny v. Marnul, 43 Ill.2d 54, 250 N.E.2d 656 (1969). Under the discovery rule, the running of the statute of limitations is postponed until "the injured plaintiff knows or reasonably should know that he has *1235 been injured and that his injury was wrongfully caused." Golla, 167 Ill.2d at 361, 212 Ill.Dec. 549, 657 N.E.2d 894. However, where a sudden traumatic event causes a plaintiff's injury, the cause of action accrues immediately, and, thus, the statute of limitations begins to run. Golla, 167 Ill.2d at 362, 212 Ill.Dec. 549, 657 N.E.2d 894. An injury is traumatic if it is immediate and caused by an external force or violence. Sharpenter v. Lynch, 233 Ill.App.3d 319, 324, 174 Ill.Dec. 680, 599 N.E.2d 464 (1992). Our supreme court explained:
"The rationale supporting this rule is that the nature and circumstances surrounding the traumatic event are such that the injured party is thereby put on notice that actionable conduct might be involved." Golla, 167 Ill.2d at 363, 212 Ill.Dec. 549, 657 N.E.2d 894.
Applying the sudden traumatic event rule to this case, we hold that the plaintiffs' causes of action against their father accrued when they reached 18 years of age. 735 ILCS 5/13-211 (West 1992). The plaintiffs allege that they "subconsciously repressed and denied the existence and * * * impact of the sexual assaults from at or about the time of each event until recently, when the psychological therapy enabled [the plaintiffs] to remember the incidents." To repress is "to keep down or under by self-control" or "to exclude from consciousness." Webster's Third New International Dictionary 1927 (1993). To remember is "to have (a notion or idea) come into the mind again as previously perceived, known, or felt." (Emphasis added.) Webster's Third New International Dictionary 1920 (1993). Therefore, the plaintiffs do not allege that they were never aware of the abuse. Instead, they assert that they were aware of the abuse and then "excluded it from consciousness" until 1992. Because they were aware of the abuse when it happened and the injury was immediate and caused by external force, the plaintiffs knew or should have known that the defendant's conduct was actionable when it occurred. Because the plaintiffs were minors when the injuries occurred, the statute of limitations did not run until 1969 and 1970 when the plaintiffs reached the age of 20. 735 ILCS 5/13-211 (West 1992). Thus, the plaintiffs had no cause of action for childhood sexual abuse against their father in 1991. Accordingly, the plaintiffs were not entitled to a reasonable period of time to file after the enactment of the statute of repose contained in the original 1991 Act.
We note that we are not the first court to hold that the discovery rule does not apply to cases in which a plaintiff has repressed childhood sexual abuse from her memory. In Tyson v. Tyson, 107 Wash.2d 72, 79-80, 727 P.2d 226, 230 (1986) (superseded by statute as stated in North Coast Air Services, Ltd. v. Grumman Corp., 111 Wash.2d 315, 759 P.2d 405 (1988)), the Washington Supreme Court refused to apply the common-law discovery rule to a case in which the plaintiff alleged that her father sexually abused her as a child. The plaintiff was between 3 and 11 years of age when the alleged acts occurred. However, the plaintiff did not file her complaint until she was 26 years old. The plaintiff claimed that she repressed the memory of the abuse and only later recalled the abuse during psychological therapy. The court held that the discovery rule did not apply to the plaintiff's action because it was "based solely on an alleged recollection of events which were repressed from * * * consciousness and there is no means of independently verifying [the] allegations." Tyson, 727 P.2d at 229. The court explained:
"If we applied the discovery rule to such actions, the statute of limitations would be effectively eliminated and its purpose ignored. A person would have an unlimited time to bring an action, while the facts became increasingly difficult to determine. The potential for spurious claims would be great and the probability of the court's determining the truth would be unreasonably low." Tyson, 727 P.2d at 229-30.
The plaintiffs cite Johnson v. Johnson, 701 F.Supp. 1363 (N.D.Ill.1988), to support their argument. In Johnson, the plaintiff alleged that she repressed the memory of sexual abuse until years later when she remembered the abuse during psychotherapy. The district court held that Illinois would apply the discovery rule to extend the statute of limitations two years after the plaintiff remembered *1236 the abuse. Johnson, 701 F.Supp. at 1370. However, the district court subsequently granted summary judgment in the defendants' favor based on the statute of repose contained in the newly enacted original 1991 Act. Johnson v. Johnson, 766 F.Supp. 662 (N.D.Ill.1991).
Although the facts in Johnson are quite similar to the case at bar, we are unpersuaded by its interpretation and redefinition of the common-law discovery rule. We believe the discovery rule does not apply to cases in which the plaintiff alleges that she repressed the conscious awareness of sexual abuse as a child and remembered it years later. Since the injury is immediate and caused by external force or violence, we believe sexual abuse is a traumatic event. Thus, the discovery rule does not extend the statute of limitations period in such cases. Pszenny v. General Electric Co., 132 Ill.App.3d 964, 966, 88 Ill.Dec. 170, 478 N.E.2d 485 (1985).
In addition, we recognize that other Illinois appellate court districts have decided similar cases. While these cases are not entirely inconsistent with our ruling here, our interpretation of the common-law discovery rule differs from theirs.
In D.P. v. M.J.O., 266 Ill.App.3d 1029, 203 Ill.Dec. 950, 640 N.E.2d 1323 (1994), plaintiffs alleged that, although they were aware that their father had abused them as minors, they were unaware of the connection between their psychological symptoms and the abuse until they were 26 and 28 years of age. The Appellate Court, First District, applied the common-law discovery rule to the plaintiffs' recollections and held that their causes of action did not accrue until the plaintiffs knew of the connection between their injuries and the abuse. D.P., 266 Ill.App.3d at 1034, 203 Ill.Dec. 950, 640 N.E.2d 1323.
In Hawley v. Kenley, 261 Ill.App.3d 307, 199 Ill.Dec. 420, 634 N.E.2d 20 (1994), the plaintiff alleged that her grandfather sexually abused her when she was 16 years old. She alleged that she did not remember the abuse until she was 24 years old. However, she stated in a deposition that she "had a general recollection of being abused by her stepgrandfather dating from the time of the abuse." Hawley, 261 Ill.App.3d at 311, 199 Ill.Dec. 420, 634 N.E.2d 20. The Appellate Court, Third District, applied the discovery rule, but determined that the plaintiff knew or should have known about the abuse and the injury caused by the abuse years before she filed her complaint. Therefore, the court held that the plaintiff's cause of action was time barred. Hawley, 261 Ill.App.3d at 312, 199 Ill.Dec. 420, 634 N.E.2d 20.
In Franke v. Geyer, 209 Ill.App.3d 1009, 1012, 154 Ill.Dec. 710, 568 N.E.2d 931 (1991), the Appellate Court, Third District, refused to extend the statute of limitations period in a similar case. The plaintiff alleged that she knew as a child that she was abused, but that she was not aware of the connection between her psychological problems and the abuse until she was 29 years old. Franke, 209 Ill.App.3d at 1012, 154 Ill.Dec. 710, 568 N.E.2d 931. However, the plaintiff alleged that because of the abuse "she was `in constant dread and apprehension that such acts were about to occur.'" Franke, 209 Ill.App.3d at 1012, 154 Ill.Dec. 710, 568 N.E.2d 931. She further alleged that her psychological symptoms began "`from the time the abuse started to the present.'" Franke, 209 Ill.App.3d at 1012, 154 Ill.Dec. 710, 568 N.E.2d 931. The Appellate Court, Third District, determined that the plaintiff knew or should have known that the defendant's conduct was actionable when she was 18 years old. Accordingly, the court concluded that the plaintiff's cause of action was barred by the statute of limitations. Franke, 209 Ill.App.3d at 1012, 154 Ill.Dec. 710, 568 N.E.2d 931. However, the court stated in dicta that the discovery rule would extend a statute of limitations period to a case in which the plaintiff alleges that she suppressed the memory of the abuse until years later. Franke, 209 Ill.App.3d at 1012-13, 154 Ill.Dec. 710, 568 N.E.2d 931.
To the extent that these courts' interpretations of the discovery rule differ from ours, we respectfully disagree. We do not believe the discovery rule applies in cases, such as the one at bar, where a plaintiff allegedly represses the conscious awareness of sexual abuse as a child and remembers it years later. Accordingly, the trial court properly dismissed the plaintiffs' complaint.
*1237 The judgment of the circuit court of Ogle County is affirmed.
Affirmed.
GEIGER and HUTCHINSON, JJ., concur.