(No. 59841

ANNE C. DORNFELD, Appellee, v. WILLIAM R. JULIAN, Appellant.

*Opinion filed November 30, 1984.*

David M. Gerson, Ltd., of Chicago, for appellant.

E. Barry Greenberg and Patrick J. Gorman, of E. Barry Greenberg and Associates, Ltd., of Oak Brook, for appellee.

JUSTICE SIMON delivered the opinion of the court:

On August 11, 1981, Anne C. Dornfeld (plaintiff) filed

a paternity suit in the circuit court of Du Page County alleging that William R. Julian (defendant) was the father of her child born out of wedlock on June 19, 1978. The complaint prays for a declaration of the defendant's paternity and asks that he be held responsible for expenses incurred during and after the pregnancy and for support of the child.

In November 1982, the defendant moved to dismiss the complaint, relying on section 4 of the Illinois Paternity Act (Ill. Rev. Stat. 1981, ch. 40, par. 1354), which provides in pertinent part:

> "No such action may be brought after the expiration of 2 years from the birth of the child. However, where the person accused has acknowledged the paternity of the child by a written statement made under oath or affirmation or has acknowledged the paternity of such child in open court, prosecution may be brought at any time within 2 years from the last time such acknowledgment was made or within 2 years from the last time the person accused contributed to the support, maintenance, education and welfare of the child subsequent to such acknowledgment. The time any person so accused is absent from or conceals himself within the State shall not be computed."

While this cause was pending in the circuit court, the Supreme Court held a Tennessee paternity statute containing a two-year limitation period unconstitutional because it denied equal protection to children born of unwed parents in obtaining paternal support. (*Pickett v. Brown* (1983), 462 U.S. 1, 76 L. Ed. 2d 372, 103 S. Ct. 2199.) Subsequently, our appellate court held the two-year time limit in our statute unconstitutional in *Jude v. Morrissey* (1983), 117 Ill. App. 3d 782. See also *People ex rel. McCoy v. Sherman* (1984), 123 Ill. App. 3d 444.

The circuit court in the present case then ruled that the two-year limitation in the Paternity Act is unconstitutional, but held the balance of the Act valid and denied

the motion to dismiss. Although the denial of a motion to dismiss is an interlocutory, rather than a final, order, the defendant filed a notice of appeal to the appellate court within 30 days. The plaintiff did not challenge the defendant's notice of appeal; instead, after the cause had been pending in the appellate court for approximately four months, the plaintiff filed a motion in this court under Rule 302(b) (87 Ill. 2d R. 302(b)) seeking an expedited resolution of the constitutionality of section 4. That motion was never allowed; rather, upon the application of the plaintiff to this court, the case was erroneously docketed under Rule 302(a)(1) (87 Ill. 2d R. 302(a)(1)), which provides for appeals as of right to this court from final judgments in cases in which a State statute has been held invalid. The circuit court judgment was not, of course, a final order. However, because of the length of time the case has been pending on appeal and the importance of the constitutional issue to be decided (see *George D. Hardin, Inc. v. Village of Mt. Prospect* (1983), 99 Ill. 2d 96, 101), we choose to retain this cause under the supervisory authority granted to this court by the Illinois Constitution (Ill. Const. 1970, art. VI, sec. 16).

It is clear that the two-year limitation in section 4 of the Paternity Act for bringing an action pursuant to the Act is invalid under *Pickett v. Brown*. The issue that we must determine is whether the entire Paternity Act is rendered invalid by the unconstitutionality of the limitations clause. The defendant argues that there is a presumption that a legislature intends an act to be effective as an entirety, absent a severability clause establishing the contrary presumption. (*Williams v. Standard Oil Co.* (1929), 278 U.S. 235, 241-42, 73 L. Ed. 287, 309, 49 S. Ct. 115, 117.) Because the Paternity Act contains no severability clause, the defendant contends that the invalidity of the limitations clause renders the entire act invalid.

In construing a statute, we must ascertain and give effect to the legislature's intent. (*Gill v. Miller* (1983), 94 Ill. 2d 52, 56.) However, we are unpersuaded by the defendant's argument that the legislature intended to create a cause of action only if the two-year time limit were operative. Rather, we assume that the legislature intended to enact a statute that was consistent with the Constitution (*Gill v. Miller* (1983), 94 Ill. 2d 52, 56); that we must give effect to as much of a statute as is possible, consistent with the Constitution (*Sup v. Cervenka* (1928), 331 Ill. 459, 462); and that the Act should be construed in light of the subject it addresses and its apparent objective (*Chastek v. Anderson* (1981), 83 Ill. 2d 502, 511).

The Paternity Act provides for the paternal support, maintenance and education of children born of unwed parents, thereby converting a father's moral obligation of support into a legal one, and preventing such children from becoming public charges. (*People ex rel. Mathis v. Brown* (1976), 44 Ill. App. 3d 783.) Without the two-year limitation, the Paternity Act is constitutional and meets these objectives. These policy considerations indicate that the legislature intended the Paternity Act to remain a valid statute, even with the limitation period in section 4 excised.

The defendant also argues that while the invalidity of part of a statute does not necessarily render the entire statute invalid if its parts are separate and independent (*Michaels v. Hill* (1927), 328 Ill. 11), the converse is true if the valid and invalid parts of the statute are inextricably connected. Because Illinois courts have construed the two-year limitation as a jurisdictional prerequisite, he maintains, the limitation period is inextricably connected with the rest of the Act.

The only case the defendant cites for the proposition that the two-year limitation is jurisdictional is *People ex*

*rel. Getz v. Lang* (1978), 61 Ill. App. 3d 933, a case that relies on *Cessna v. Montgomery* (1976), 63 Ill. 2d 71. *Cessna* upheld the constitutionality of the two-year limitation and determined that that provision is "jurisdictional" in the sense that it is "not, technically speaking, a statute of limitations; it is a condition of the right to maintain the statutory action." (63 Ill. 2d 71, 87.) Because of *Pickett v. Brown* we overrule *Cessna.*

Moreover, the General Assembly has recently recodified and amended the Paternity Act and the Act on Blood Tests to Determine Paternity in the Illinois Parentage Act of 1984 (Pub. Act 83—1372, to be Ill. Rev. Stat., ch. 40, par. 2501 *et seq.*). The limitations clause now appears under the title "Statute of limitations," suggesting that the legislature has rejected this court's previous construction of the clause as "jurisdictional." In addition, the period of limitation for an action brought by or on behalf of a child under the new act has been extended to two years after the child reaches the age of majority. Pub. Act 83—1372, sec. 8.

Although the new act will not become effective until July 1, 1985, it is appropriate for us to construe the present statute with an eye toward the clearly expressed present intent of the legislature (*In re Application of Walgenbach* (1984), 104 Ill. 2d 121; see also *Carey v. Elrod* (1971), 49 Ill. 2d 464, 472; *People v. Hudson* (1970), 46 Ill. 2d 177, 182), and to avoid creating an unnecessary inconsistency in the law. Finally, we choose to avoid the judicial inefficiency as well as the denigration of a clearly stated public policy that would result from now dismissing this and similar causes, only to have them reinstated next July under the greatly extended limitation period of the new act.

We therefore affirm the order of the circuit court and remand for trial.

*Affirmed and remanded.*