THE PEOPLE *ex rel.* GAILYN MOORE, Plaintiff-Appellant, v. PARRIS McINTOSH, Defendant-Appellee.

Fifth District   No. 5—84—0616

Opinion filed July 5, 1985.

Neil F. Hartigan, Attorney General, of Springfield (Jill Wine-Banks, So-
licitor General, and Candida Miranda, Assistant Attorney General, both of

Chicago, of counsel), for appellant.

Charles J. Kolker, of Belleville, for appellee.

JUSTICE KARNS delivered the opinion of the court:

An action to establish paternity was filed by the State on behalf of Gailyn Moore against Parris McIntosh. (Ill. Rev. Stat. 1983, ch. 40, par. 1354.) The circuit court of St. Clair County found that the plaintiff had not sufficiently stated a cause of action, had failed to timely comply with discovery, and had not filed the action within the limitations period. The trial court dismissed the complaint with prejudice, and this appeal followed, with the State contending that the court erred as to each of the three grounds contained in the order of dismissal.

■■ The complaint appears to be a standardized document provided by the State for paternity and support proceedings. It alleges that Gailyn Moore is the mother of a named child born out of wedlock on January 20, 1978, that the child is living and in good health, and that the child's father is the defendant, Parris McIntosh. The complaint also avers generally, and in alternative terms, that the statute of limitations has been complied with. The defendant argues that the purpose of a section 1354 claim is not only to establish paternity but also to enforce a duty and liability for support, and that the act therefore obliges the State to allege facts demonstrating that it has authority to bring the action and that the child has not been supported and provided for by the defendant. The plain language of the statute negates this argument. It requires only that the complainant, under oath, shall accuse a person of being the child's father, and does not mandate the inclusion of specific facts such as those urged by defendant.

■■ McIntosh also challenged the complaint as deficient because it failed to "properly inform the defendant of the claims he must meet." Common sense dictates that such argument be rejected. The defendant was accused of fathering the child and is obviously on notice of the nature of the claim against him. If paternity is established, the father's duty of support will be imposed and enforced. (Ill. Rev. Stat. 1983, ch. 40, par. 1352.) All that is required is that the complaint contains such information as reasonably informs the defendant of the nature of the claim against him or her. (Ill. Rev. Stat. 1983, ch. 110, par. 2—612(b).) We hold that the trial court erred in dismissing the complaint for failure to state a cause of action.

The form complaint also averred:

"This Complaint has been instituted and filed prior to the expiration of two years from the birth of said child, or within two years from the time Defendant has acknowledged the paternity of the child by a written statement made under oath or affirmation, or within two years from the time that Defendant has acknowledged the paternity of said child in Open Court, or within two years from the time that Defendant has contributed to the support, maintenance, education and welfare of the child(ren) subsequent to such acknowledgment, or that the statute of limitations has been tolled by reason of the continuous or intermittent absence of the Defendant from the State of Illinois."

This language is lifted directly from the statutory limitations provision. (Ill. Rev. Stat. 1983, ch. 40, par. 1354.) Both parties are aware that the two-year time limit is unconstitutional[1] (*Pickett v. Brown* (1983), 462 U.S. 1, 76 L. Ed. 2d 372, 103 S. Ct. 2199; *Jude v. Morrissey* (1983), 117 Ill. App. 3d 782, 454 N.E.2d 24), but each advances a different theory relating to a time limitation on maintaining the instant action.

■ Defendant argues that because the two-year limitations provision is inoperative, the paternity action is controlled by the catch-all limitations provision of five years, which applies to "all civil actions not otherwise provided for." (Ill. Rev. Stat. 1983, ch. 110, par. 13–205.) Acceptance of defendant's argument would bar the claim because, at the time the complaint was filed, the child was five years and two months old. The State insists that it should be permitted, through an evidentiary hearing, to prove that the defendant committed certain acts which would toll the limitations period, four of which are alleged in the complaint. Neither position taken finds clear support in the case law. We believe, however, that to uphold a dismissal of the instant action for lack of timely filing would abrogate the expressed intent of the legislature made apparent within the new Illinois Parentage Act of 1984, effective July 1, 1985, which provides that an action brought by or on behalf of a child may be brought up to two years after the child reaches majority, and if brought by a public agency on behalf of the child, it may be filed within two years after the agency has ceased providing public financial assistance. (Ill. Rev.

---

[1]As early as 1975, this court held that the two-year limitations provision of the Paternity Act of 1971 (Ill. Rev. Stat. 1971, ch. 106¾, par. 54) constituted invidious discrimination against illegitimate children and their natural mothers, a position which was later overturned on review by our supreme court. *Cessna v. Montgomery* (1975), 28 Ill. App. 3d 887, 329 N.E.2d 861, *rev'd* (1976), 63 Ill. 2d 71, 344 N.E.2d 447.

Stat., 1984 Supp., ch. 40, par. 2508.) We believe that the policy articulated in *Dornfeld v. Julian* (1984), 104 Ill. 2d 261, 472 N.E.2d 431, in which the supreme court upheld a paternity action despite the unconstitutionality of part of the statute authorizing the action, should control our disposition here. The court stated, in reference to the new limitations provision, "we choose to avoid the judicial inefficiency as well as the denigration of a clearly stated public policy that would result from now dismissing this and similar causes, only to have them reinstated *** under the greatly extended limitation period of the new act." (104 Ill. 2d 261, 267, 472 N.E.2d 431, 433.) We therefore hold that the trial court abused its discretion in dismissing the State's complaint as untimely.

■■ ■ The third basis for the trial court's dismissal of the complaint, and, as it appears from the record, the most cogent, was the State's failure to comply with discovery. The complaint was filed on March 19, 1983, but apparently very little action occurred thereafter until January 18, 1984, when the court denied defendant's first motion to dismiss and set the case for trial on February 14. The same written order included a requirement that all discovery be completed by January 31. On January 23, the defendant filed a second motion to dismiss and his first demand for discovery, requesting a significant amount of material, including a list of all paternity cases filed by the State as a plaintiff in the last five years. The State did not respond to the demand until February 9, and it objected at that time to most of the material listed in defendant's discovery motion.

The State asserts that the court abused its discretion in dismissing the complaint, essentially arguing that such an action was not warranted or justified under the existing circumstances. We agree. Although the sanction to be imposed for discovery violations rests within the discretion of the trial court (*Hardware Wholesalers, Inc. v. Clemenic* (1984), 124 Ill. App. 3d 304, 464 N.E.2d 700), that discretion must be carefully exercised in order to balance the needs of discovery and resolution of the issues on their merits. (*Tennicott v. Chicago Transit Authority* (1982), 103 Ill. App. 3d 607, 431 N.E.2d 1077.) Additionally, a party's noncompliance must be unreasonable in order to justify the imposition of sanctions. (87 Ill. 2d R. 219(c).) Here, the court enforced a discovery order which effectively limited the State to a period of one week in which to meet the requests filed by defendant. The State's partial compliance occurred within 17 days of the discovery motion. Though the State committed a violation, it does not appear unreasonable or a contumacious disregard of its duties under the order, despite the fact that much of the State's response consisted

of objections rather than answers, because the validity of the objections was never considered or ruled upon.

Moreover, an obvious public purpose of the statute which allows the instant action is to convert a father's moral duty of support into a legal one and to prevent the child from becoming a public charge. (*Dornfeld v. Julian* (1984), 104 Ill. 2d 261, 266, 472 N.E.2d 431, 433.) A consideration of the interests of the child and the State in maintaining the instant action militates against the drastic sanction imposed for a single discovery violation. Under the circumstances, the trial court abused its discretion.

The judgment of the circuit court of St. Clair County is reversed, and this cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

JONES, P.J., and HARRISON, J., concur.